

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-4233
Re: Constitutionality of
Article 1645, as amended by
S. B. 119, 47th Legislature.

You have asked the opinion of this department as
to whether Article 1645, as amended by S. B. 119, Regular
Session, 47th Legislature, "is a general and constitutional
law", and the date such law becomes effective.

Senate Bill 119 carried an emergency clause, and
passed both houses in the manner and with the vote required
to place it in immediate effect. It was approved by the
Governor and filed with the Secretary of State on July 9,
1941, and, therefore, became effective as a law at such time.
Constitution, Article III, Section 39.

The provisions of Senate Bill 119 are too lengthy
to be copied herein. The act, as stated in the emergency
clause, is designed to eliminate the patchwork quilt of laws
regulating the salaries of county auditors (many of which
were of doubtful constitutionality) and place them under
one general law.

The bill, as it amends Article 1645, retains
the same bases of classification, towit, provides for the
appointment and compensation of county auditors in counties
having a population of 35,000 or over, according to the
last preceding federal census, or having a tax valuation
of $15,000,000, or over, according to the last approved
tax roll. You point to no constitutional defect in the
amendatory act, and we are able to discover none.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

From your questions, however, it seems you have in mind the point that Senate Bill 119 may be violative of Article III, Section 56, of the Constitution as being a local or special law regulating the affairs of counties.

A statute is not invalid under Article III, Section 56, of the Constitution, merely because it applies to some counties and not to others, so long as the classification made by the Legislature is reasonable, rather than arbitrary and capricious. It cannot be said that the population of a county, or its taxable values, bears no real and substantial relation to the question of the need for county auditor, or the salary to be paid to such auditor. Clark v. Finley, 93 Tex. 171, 54 S. W. 343. We are of the opinion, therefore, that the act is a general law, rather than a local or special law regulating the affairs of counties, and hence is not condemned by Article III, Section 56, of the Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

APPROVED            , 1942

RWF:AMM



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN